UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
MAR 9 1994

---

UNITED STATES OF AMERICA,

    plaintiff,

vs.

ALLAN W. HAAG, a/k/a ALLAN HAAG;
ANN M. HAAG, a/k/a ANN HAAG;
NORTHWEST VETERINARY SUPPLY;
HERB WUDEL OIL COMPANY; FIRST
NATIONAL BANK, k/n/a NORWEST BANK
OF SOUTH DAKOTA; DOCTORS BUSINESS
SERVICE, INC.; L.F. NOLL; FARMERS
STATE INSURANCE; MUTH ELECTRIC,
INC.; UNITED ACCOUNTS, INC.;
ALLIED COLLECTION SERVICE, INC.;
CREDACHECK; FAMILY ENTERTAINMENT
NETWORK; BRADFELT, INC.; RANDAL
L. RUMBOLZ; KATHRYN E.KURTENBACH;
DIVISION OF CONSERVATION, a
division of the South Dakota
Department of Agriculture; and
DAVISON COUNTY, a political
subdivision of the State of
South Dakota,

    defendants.

CIVIL NO. 94-4054

COMPLAINT

---

Plaintiff, the United States of America, acting through the Farmers Home Administration (FmHA), United States Department of Agriculture, by and through its attorneys, Karen E. Schreier, United States Attorney, and Bonnie P. Ulrich, Assistant United States Attorney, hereby states and alleges as follows:

I.

That this Court has jurisdiction under Title 28, United States Code, Section 1345 by reason of the fact that this is a civil action brought for and on behalf of the United States of America;

II.

That the defendants, Allan W. Haag and Ann M. Haag, are residents of Minnehaha County, South Dakota;

III.

That the real property secured in this matter is located in Davison County, South Dakota;

IV.

That the chattel property secured in this matter is located in Davison County, South Dakota;

V.

That on or about the dates indicated below, the defendants, Allan W. Haag and Ann M. Haag, for value received, made, executed and delivered to plaintiff, acting through the Farmers Home Administration, United States Department of Agriculture, certain promissory notes in writing, which are secured by real estate mortgages described as follows:

| EX. NO. | PRIN. AMT. OF ORIGINAL NOTE | DATE OF ORIGINAL NOTE | % RATE (ORIG.) | PRIN. AMT OF MODIFIED NOTE | RA, RS, C * | DATE OF MODIFIED NOTE | % RATE (MOD.) |
|---|---|---|---|---|---|---|---|
| 1. | $ 45,770.00 | 09-18-1970 | 5.00% | | | | |
| 2. | $ 43,000.00 | 08-29-1977 | 8.00% | | | | |
| 3. | $ 37,000.00 | 08-29-1977 | 3.00% | | | | |
| 4. | $ 19,000.00 | 08-29-1977 | 8.00% | | | | |
| 5. | $104,000.00 | 03-16-1979 | 8.50% | | | | |
| 6. | $ 15,000.00 | 06-29-1981 | 5.00% | | | | |
| 7. | $ 10,000.00 | 06-23-1982 | 13.25% | | | | |

* RA = reamortized; RS = rescheduled; C = consolidated

True and correct copies of said promissory notes are attached hereto and incorporated herein as Exhibits one through seven.

VI.

That on or about the dates indicated below, the defendants, Allan W. Haag and Ann M. Haag, for the purpose of securing the payment of the above described promissory notes, made, executed and delivered to plaintiff, acting through the Farmers Home Administration, United States Department of Agriculture, certain real estate mortgages described as follows:

| EX. NO. | DATE OF MTG. | RECORDING DATE | BOOK | PAGE | EX. NO. OF NOTE SECURED |
|---|---|---|---|---|---|
| 8. | 09-18-70 | 09-19-1970 | 196 | 1 | 1. |
| 9. | 08-29-77 | 08-30-1977 | 203 | 456 | 1,2,3 & 4 |
| 10. | 03-16-79 | 03-16-1979 | 205 | 117 | 1,2,3,4 & 5 |
| 11. | 06-29-81 | 07-01-1981 | 207 | 238 | 1,2,3,4,5,& 6 |
| 12. | 06-23-82 | 06-23-1982 | 208 | 140 | 1,2,3,4,5,6 & 7 |

True and correct copies of said real estate mortgages are attached hereto and incorporated herein as Exhibits eight through twelve;

VII.

That the real estate mortgages above referred to encumber the following described real property situated in Davison County, South Dakota:

TRACT ONE

The Southwest Quarter (SW¼) of Section Twenty-eight (28),
The Southeast Quarter (SE¼) of Section Twenty-eight (28),

All in Township One Hundred One (101) North, Range Sixty (60), West of the 5th P.M., Davison County, South Dakota.

TRACT TWO

The Northwest Quarter (NW¼) of Section Thirty-four (34), in Township One Hundred One (101) North, Range Sixty (60), West of the 5th P.M., Davison County, South Dakota.

Mortgage Exhibit number 8 and dated September 18, 1970, however, only encumbers the Southwest Quarter (SW 1/4) of Section Twenty-eight (28).

VIII.

That on or about the dates indicated below, the defendant, Allan W. Haag, for value received, made, executed and delivered to plaintiff, acting through the Farmers Home Administration, United States Department of Agriculture, a certain promissory note in writing, which is secured only by a chattel security agreement, described as follows:

| EX. NO. | PRIN. AMT. OF ORIGINAL NOTE | DATE OF ORIGINAL NOTE | % RATE (ORIG.) | PRIN. AMT OF MODIFIED NOTE | RA, RS, C * | DATE OF MODIFIED NOTE | % RATE (MOD.) |
|---|---|---|---|---|---|---|---|
| 13. | 213,400.00 | 03-02-1979 | 8.50% | | | | |

* RA = reamortized; RS = rescheduled; C = consolidated

A true and correct copy of said promissory note is attached hereto and incorporated herein as Exhibit thirteen;

IX.

The defendant, Allan W. Haag, for the purpose of securing the payment of all of the above described promissory note listed in Paragraph V and Paragraph VIII, made, executed and delivered to plaintiff, acting through the Farmers Home Administration, United States Department of Agriculture, a certain Security Agreement dated June 23, 1982, perfected by the filing of the following documents:

| EX. NO. | TYPE OF FILING | FILING DATE | FILING NUMBER | LOCATION OF FILING |
|---|---|---|---|---|
| 15. | UCC | 03-02-79 | 1173 | Sec.of State |
| 16. | UCC-Continuation | 11-10-83 | 21367 | Sec.of State |
| 17. | UCC-Continuation | 11-22-88 | 21367 | Sec.of State |
| 18. | UCC-Continuation | 10-08-93 | 21367 | Sec.of State |

True and correct copies of said Security Agreement, financing statement, and continuation statements are attached hereto and incorporated herein as Exhibits fourteen, fifteen, sixteen seventeen and eighteen. The Security Agreement attached herein as Exhibit fourteen, encumbers the following described property:

> All crops, annual and perennial, and other plant products now planted, growing or grown, or which are hereafter planted or otherwise become growing crops or other plant products;
>
> One Gehl Grinder*, One John Deere Planter, One International Company Harvester Cutter, One Lindsay Wagon, One John Deere Running Gear, One Big John Sprayer, One John Deere Rotary Hoe, One Hew Holland Round Baler, One New Holland Baler, One New Holland Blower, One Hydro-Mac 8C Skid Steer Loader*, One Farmhand Loader, One Winpower Alternator*, One Handyman Cattle Chute, One New Holland Flail Spreader, One International Harvester Company Spreader, One John Deere Forage Wagon*, One New Holland Forage Wagon, One T & L Pivot Irrigation, One Lindsay Drag, One International Harvester Company Disc, One Ford Chisel Plow, One Oliver Loader*, One John Deere Cultivator, One Lilson Cultivator, One John Deere Elevator, One New Holland Swather*, One Case Plow, One International Harvester Company Tractor with Dual Wheels*, One International Harvester Tractor, One International Harvester Company Tractor, One Case Tractor, One Melroe Tractor, One International Harvester Company Tractor Super C*, One Better Bilt Liquid Spreader, One Big Butcher Wagon with John Deere Trailer, One International Harvester Company Field Cutter and One International Harvester Company Tractor*;
>
> Eighty Holstein Cows,* Twenty Hereford Cows*, One Holstein Bull,* Ten Landrace Sows,* One Duroc Boar,* Fifteen Holstein Open Heifers,* Twelve Mixed Open Heifers* and Fifty-five mixed Calves*;
>
> *Items from Security Agreement that have been sold with the

knowledge and approval of Farmers Home Administration;

X.

That at all times herein mentioned, plaintiff has been and now is the owner and holder of the above described promissory notes and security agreement.

-5-

XI.

That the defendants, Allan W. Haag and Ann M. Haag, are in default of the terms of said promissory notes, real estate mortgages and security agreement in that (1) they have failed to make timely payments of principal and interest as they have become due, (2) they have failed to pay real estate taxes when due and owing on the real estate security property, (3) they have permitted junior liens to be placed on the real estate security property;

XII.

That the promissory notes provide that if default occurs in the payment of any principal and/or interest when due according to the terms thereof, the plaintiff may, at its election, declare the principal sum, together with accrued interest thereon, all due and payable at once; and the real estate mortgages provide that if default occurs in the payment of the promissory notes or any payments required under the real estate mortgages, or if default occurs in the repayment of any advances made for and on behalf of the mortgagor, that the plaintiff may, at its election, declare the entire indebtedness due and payable, and the real estate mortgages may be foreclosed immediately; and the Security Agreement provides that if default occurs in the payment of the promissory note or any payments required under the Security Agreement, or if default occurs in the repayment of any advances made for and on behalf of the borrower, that the plaintiff may, at its election, declare the entire indebtedness due and payable and immediately exercise any sale or other rights accorded thereunder or by law;

XIII.

That by reason of the default of the defendants as aforesaid in the conditions and covenants of said promissory notes, real estate mortgages and security agreement, plaintiff has and does now hereby accelerate the maturity of said promissory notes and declares all of the indebtedness evidenced thereby immediately due, and payable;

XIV.

That by reason of the defaults of the defendants as aforesaid in the conditions and covenants of said promissory notes, real estate mortgages and security agreement, plaintiff is entitled to have said real estate mortgages foreclosed and the lands and premises sold in the manner prescribed by law and the proceeds applied in payment of the amounts found due herein;

XV.

That by reason of the defaults of the defendants as aforesaid in the conditions and covenants of said promissory notes and security agreement, plaintiff is entitled to judicially enforce the plaintiff's security interest as described in the financing statements and security agreement and to have all chattels sold in the manner prescribed by law and the proceeds applied in payment of the amounts found due herein;

XVI.

That no other action at law or proceeding in equity or otherwise has been commenced or is now pending for the foreclosure of the real estate mortgages, the chattel security agreement or the collection of the debt secured thereby;

XVII.

That in connection with the preparation of this foreclosure, and to protect the interests of the Farmers Home Administration, plaintiff has advanced sums in the amount of $43,926.65 in unpaid real estate taxes for the years 1978 to 1989, $921.00 for abstracting fees and title search fees, $13,094.69 for default charges, $6,927.36 for Contract for Deed and $12.00 for other expenses. Plaintiff further alleges that under the provisions of its promissory notes and real estate mortgages and security agreement the aforesaid costs plus interest are properly assessable as costs in this action and are included in the loan balance of Exhibit one wherein interest has been accrued for these advanced sums to the date of to February 15, 1994. Interest continues to accrue at the rate of 5%. In addition, plaintiff is entitled to all proper costs incurred, or to be incurred, including forthcoming appraisal fees, by plaintiff from the time this Complaint was filed to the conclusion of this action. Plaintiff alleges that under the provisions of its promissory note and security agreement there now remains due and owing from defendants Allan Haag and Ann Haag $496.021.28 principal and $363.775.86 interest for a total of $859,797,14 to the date of February 15, 1994;

XVIII.

That there now remains due and owing on the above referenced promissory notes principal and interest accrued through February 15, 1994 as follows:

| EXHIBIT NO. | UNPAID PRINCIPAL | UNPAID INTEREST AS OF 02-15-94 | DAILY ACCRUAL |
|---|---|---|---|
| 1. | $104,810.68 | $ 29,078.43 | 14.3325 |
| 2. | $ 40,372.10 | $ 36,391.46 | 8.8487 |
| 3. | $ 21,030.33 | $  6,367.86 | 1.7285 |
| 4. | $ 18,091.66 | $ 15,272.71 | 3.9653 |
| 5. | $100,199.06 | $105,860.07 | 23.3340 |
| 6. | $ 14,092.57 | $  7,494.16 | 1.9305 |
| 7. | $ 10,000.00 | $ 13,797.98 | 3.6301 |
| 13. | $187,424.88 | $149,513.19 | 43.6469 |

XIX.

That the above referenced promissory notes and real estate mortgages and security agreement provide that the plaintiff may at any time pay any amounts required to be paid by the borrowers and not paid by them when due, as well as any costs and expenses for the preservation, protection or enforcement of the plaintiff's liens as advanced for the account of the borrowers, and that all such amounts shall bear interest at the rate provided in the promissory notes secured.  From time to time during the pendency of this action it may be necessary for plaintiff to make advances for one or more of said purposes, in addition to the advances already made as alleged in Paragraph XV. above;

XX.

That the plaintiff believes the fair and reasonable value of the real estate security is appraised at the value of $216,000.00 as of February 4, 1994.  Attached and incorporated by reference herein is a copy of the appraisal referred to Exhibit 19.  The fair and reasonable value of the chattel security is estimated to be $4,657.00 as of October

15, 1991, and that the total is less than the debt, including all costs and advances, owed by the defendants, Allan W. Haag and Ann M. Haag; and that a sale of the real and chattel property will result in a deficiency owed to the plaintiff by the above named defendants; and that the plaintiff may be entitled to a deficiency judgment pursuant to S.D.C.L. §21-47-16 and common law. That plaintiff will bid only the fair and reasonable value of the real and chattel property less the sum of the balances due, as of the date of sale, on any prior liens or encumbrances, including, but not limited to, liens or charges for real estate taxes and special assessments;

XXI.

That the defendant, Davison County, a political subdivision of the State of South Dakota, may claim some lien or interest in the real estate which is the subject of this action by virtue of real estate taxes owed against the real property subject to this foreclosure. Real estate taxes remain unpaid for the years 1990, 1991, 1992 and 1993 for a total of approximately $16,958.34. Such lien or interest, if any exists, is superior to the aforesaid real estate mortgages of the plaintiff;

XXII.

That the defendant, Davison County, a political subdivision of the State of South Dakota, may claim some lien or interest in the real estate which is the subject of this action by virtue of a lien for $200.00 for defendant fees and expenses paid by the Davison County Treasurer Voucher Number 12138. Such lien or interest, if any exists, is inferior to the aforesaid real estate mortgages of the plaintiff;

XXIII.

That the defendant, Northwest Veterinary Supply, may claim some lien or interest in the real estate which is the subject of this action by virtue of a judgment filed on January 20, 1981 against Alan Haag (a/k/a Allan Haag) in the amount of $488.25 plus $16.50 in costs and a judgment against Alan Haag (a/k/a Allan Haag) in the amount of $328.46 plus interest of $98.02 and costs of $12.75 filed in Hutchinson County on June 5, 1984 and a transcript of said judgment was filed in Davison County on February 19, 1988. Such liens or interest, if any exists, are inferior to the aforesaid real estate mortgages of the plaintiff;

XXIV.

That the defendant, Herb Wudel Oil Company, may claim some lien or interest in the real estate which is the subject of this action by virtue of a judgment against Allan Haag in the amount of $1,989.46 plus costs of $22.75 filed on November 30, 1982. Such lien or interest, if any exists, is inferior to the aforesaid real estate mortgages of the plaintiff;

XXV.

That the defendant, First National Bank, n/k/a Norwest Bank, may claim some lien or interest in the real estate which is the subject of this action by virtue of a judgment against Allan Haag in the amount of $584.80 plus costs of $12.75 filed on May 23, 1983. Such lien or interest, if any exists, is inferior to the aforesaid real estate mortgages of the plaintiff;

XXVI.

That the defendant, Doctors Business Service, Inc., may claim some lien or interest in the real estate which is the subject of this action

by virtue of a judgment against Allen Haag (a/k/a Allan Haag) in the amount of $632.22 plus costs of $12.75 filed on October 25, 1983. Such lien or interest, if any exists, is inferior to the aforesaid real estate mortgages of the plaintiff;

XXVII.

That the defendant, L.F. Noll, may claim some lien or interest in the real estate which is the subject of this action by virtue of a judgment against Allen Haag (a/k/a Allan Haag) in the amount of $670.12 plus costs of $61.50 filed on May 7, 1984. Such lien or interest, if any exists, is inferior to the aforesaid real estate mortgages of the plaintiff;

XXVIII.

That the defendant, Farmers State Insurance, may claim some lien or interest in the real estate which is the subject of this action by virtue of a judgment against Allan Haag in the amount of $3,441.32 plus interest of $79.50 and costs of $61.50 filed on August 6, 1984 in Hutchinson County and a transcript of said judgment was filed in Davison County on August 13, 1984. Such lien or interest, if any exists, is inferior to the aforesaid real estate mortgages of the plaintiff;

XXIX.

That the defendant, Muth Electric, Inc., may claim some lien or interest in the real estate which is the subject of this action by virtue of a judgment against Allan Haag in the amount of $144.06 and costs of $22.70 filed on November 5, 1985. Such lien or interest, if any exists, is inferior to the aforesaid real estate mortgages of the plaintiff;

XXX.

That the defendant, United Accounts, Inc., may claim some lien or interest in the real estate which is the subject of this action by virtue of a judgment against Allan W. and Ann Haag in the amount of $766.57 plus interest of $126.50 and costs of $39.50 filed on November 12, 1985. Such lien or interest, if any exists, is inferior to the aforesaid real estate mortgages of the plaintiff;

XXXI.

That the defendant, Allied Collection Service, Inc., may claim some lien or interest in the real estate which is the subject of this action by virtue of a judgment against Allan Haag in the amount of $2,943.89 and costs of $55.30 filed on April 18, 1986 in Minnehaha County and a transcript of said judgment was filed in Davison County on June 18, 1986. Such lien or interest, if any exists, is inferior to the aforesaid real estate mortgages of the plaintiff;

XXXII.

That the defendant, Credacheck, may claim some lien or interest in the real estate which is the subject of this action by virtue of a judgment against Jim Haag c/o Allen (a/k/a Allan) and Ann Haag in the amount of $79.13 plus costs of $17.90 filed on August 28, 1986. Such lien or interest, if any exists, is inferior to the aforesaid real estate mortgages of the plaintiff;

XXXIII.

That the defendant, Family Entertainment Network, may claim some lien or interest in the real estate which is the subject of this action by virtue of a judgment against Allan Haag in the original amount of $67.38 plus costs of $18.89 filed on January 12, 1987. Such lien or

interest, if any exists, is inferior to the aforesaid real estate mortgages of the plaintiff;

### XXXIV.

That the defendant, Bradfelt, Inc., may claim some lien or interest in the real estate which is the subject of this action by virtue of a judgment against Allan a/k/a Alan and Ann Haag in the amount of $334.06 plus costs of $63.50 filed in Minnehaha County on January 8, 1988 and a transcript of said judgment filed in Davison County on June 6, 1989. Such lien or interest, if any exists, is inferior to the aforesaid real estate mortgages of the plaintiff;

### XXXV.

That the defendant, Doctors Business Service, Inc., may claim some lien or interest in the real estate which is the subject of this action by virtue of a judgment against Allen (a/k/a Allan) Haag and Ann Haag in the amount of $329.85 plus interest of $151.55, a collection fee of $49.48 and costs of $13.25 and filed on July 26, 1988. Such lien or interest, if any exists, is inferior to the aforesaid real estate mortgages of the plaintiff;

### XXXVI.

That the defendant, Division of Conservation, South Dakota Department of Agriculture, may claim some lien or interest in the real estate which is the subject of this action by virtue of a Irrigation Permit 0007 and filed on June 25, 1985. Such lien or interest, if any exists, is inferior to the aforesaid real estate mortgages of the plaintiff;

### XXXVII.

That the defendant, Kathryn Kurtenbach, may claim some lien or interest in the real estate which is the subject of this action by virtue of a vested drainage right January 22, 1991. Such lien or interest, if any exists, is inferior to the aforesaid real estate mortgages of the plaintiff;

XXXVIII.

That the defendant, Randal L. Rumbolz, may claim some lien or interest in the real estate which is the subject of this action by virtue of a rental lease agreement. Such lien or interest, if any exists, is inferior to the aforesaid real estate mortgages of the plaintiff;

That under applicable South Dakota statutes a one year period of redemption from foreclosure is provided for real property, but such redemption period is repugnant to the best interests of the plaintiff, the United States of America, and contrary to the doctrine established in Federal common law as developed under Title 28, United States Code, Section 2001. See, Art. VI, Clause 2, Constitution of the United States (Supremacy Clause). Therefore, this Court is requested to order the real property sold by the United States Marshal without right of redemption upon foreclosure.

WHEREFORE, plaintiff requests Judgment as follows:

1. That Judgment be entered against the real property, the chattel property and the defendants, Allan A. Haag and Ann M. Haag, in the

amount of $859,797.14 as of February 15, 1994, together with any additional sums advanced, costs expended herein and interest accruing thereon;

2. That a Decree of Foreclosure and Sale be entered directing the United States Marshal or his deputy to sell the real estate security as provided by law, without the right of redemption, and to apply the proceeds to the costs and expenses of sale, plaintiff's costs and expenses of this action, and the indebtedness due to plaintiff;

3. That the security interest of the plaintiff in the above described chattel property be foreclosed and that the defendants, Allan W. Haag and Ann M. Haag, be adjudged to have no further right, title or interest in said chattel property;

4. That the defendants, Allan W. Haag and Ann M. Haag, be directed to assemble and deliver to the United States Marshal the above described chattel property. That the United States Marshal be directed to take possession of said property and, after advertising for sale according to law, to sell the above described chattel property in the manner provided for the selling of such property as provided by law, and to apply the proceeds to the costs and expenses of sale, plaintiff's costs and expenses of this action, and the indebtedness due to plaintiff;

5. That the Court determine the lien priority of the parties and order the Marshal to distribute the excess proceeds, if any, from the sale of the real and chattel property in the order of that priority;

6. That the plaintiff should be awarded or otherwise reimbursed for the costs and disbursements of this action;

7. That the Court determine the fair and reasonable value of the real and chattel property security. That plaintiff be allowed to bid

the fair and reasonable value of said property less the sum of the balances due, as of the date of sale, on any prior liens or encumbrances, including, but not limited to, liens or charges for real estate taxes and special assessments, if less than the indebtedness found to be due to the plaintiff herein;

8. That all defendants, together with each and every person or entity claiming under them or claiming any lien or encumbrance of any kind or character upon or against said real or chattel property subsequent in time or in priority, or both, to the liens of the plaintiff's real estate mortgages and security agreement, and all persons claiming to acquire any right, title, claim or interest in and to said real or chattel property or any part thereof subsequent to the filing in the Office of the Register of Deeds for Davison County, South Dakota of the Notice of Lis Pendens, be barred and foreclosed of and from all rights, claims and equities in and to said real or chattel property;

9. That the Court decree that plaintiff have, by way of further relief, judgment against the defendants, Allan W. Haag and Ann M. Haag, jointly and severally for any sums due it from them which remain unsatisfied after the sale of the subject premises. No personal claim is made against any other defendants;

10. That the Court order such other and further relief as may be just and equitable.

Dated this 9th day of March, 1994.

KAREN E. SCHREIER
UNITED STATES ATTORNEY

*Bonnie P. Ulrich*

Bonnie P. Ulrich
Assistant United States Attorney
Address:  P.O. Box 1073
          Sioux Falls, SD 57101
Phone:    605-330-4400